Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: May 1st, 2018**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | |
|---|---|
| IN RE: | CASE NO. 2:18-bk-50025 |
| JADE INVESTMENTS, LLC, | CHAPTER 11 |
| Debtor. | JUDGE FRANK W. VOLK |

### MEMORANDUM OPINION AND ORDER

Pending is creditor Wilmington National Trust, N.A.'s ("Wilmington") Motion to Dismiss Case Pursuant to Section 1112(b) of the Bankruptcy Code [dckt. 27], filed on February 27, 2018.  Jade Investments, LLC ("Jade") responded to the Motion to Dismiss on March 7, 2018 [dckt. 35].  The Court held a preliminary hearing on the Motion to Dismiss on March 28, 2018 and continued that hearing to a final evidentiary proceeding, which took place on April 25, 2018.

After hearing testimony and receiving evidence at the final hearing, the Court declared the evidentiary record closed on the Motion to Dismiss and ordered final post-hearing briefing.  Having now been fully briefed, the matter is ready for adjudication.

Bankruptcy Code section 1112(b)(1) covers the matter of dismissal under these circumstances and provides pertinently as follows:

> (b)(1) . . . on request of a party in interest, and after notice and a hearing, the court shall . . . dismiss a case under this chapter . . .for cause . . .

11 U.S.C.A. § 1112(b)(1).  As noted by our court of appeals, "[t]he right to file a Chapter 11 bankruptcy petition is conditioned upon the debtor's good faith -- the absence of which is cause

for summary dismissal." *In re Premier Auto. Servs., Inc.*, 492 F.3d 274, 279 (4th Cir. 2007) (citing *Carolin Corp. v. Miller*, 886 F.2d 693, 702 (4th Cir.1989)). The underlying reason for this ground of dismissal is obvious:

> As this court has explained, "a good faith requirement 'prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes.'" The good faith standard also "'protects the jurisdictional integrity of the bankruptcy courts by rendering their powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those debtors and creditors with clean hands.'"

*In re Premier*, 492 F.3d at 279 (citations omitted). Writing for the panel in *In re Premier*, Judge Wilkinson set forth the showing necessary for this branch of the "cause" justification under subsection 1112(b):

> In this circuit, a lack of good faith in filing a Chapter 11 petition requires a showing of "objective futility" and "subjective bad faith." The objective test focuses on whether "there exists the 'realistic possibility of an effective reorganization.'" The subjective test asks whether a Chapter 11 petition is motivated by an honest intent to effectuate reorganization or is instead motivated by some improper purpose. Subjective bad faith is shown where a petition is filed "to abuse the reorganization process," or "to cause hardship or to delay creditors by resort to the Chapter 11 device merely for the purpose of invoking the automatic stay."

*Id.* at 279–80.

Importantly, "[t]he Fourth Circuit standard for dismissal of a Chapter 11 case as a bad faith filing is one of the most stringent articulated by the federal courts." *In re Dunes Hotel Assocs.*, 188 B.R. 162, 168 (Bankr. D.S.C. 1995) (Waites, J). In discussing the "very high" burden of the two-pronged test, the *Carolin* court reasoned that

> Such a test obviously contemplates that it is better to risk proceeding with a wrongly motivated invocation of Chapter 11 protections whose futility is not immediately manifest than to risk cutting off even a remote chance that a reorganization effort so motivated might nevertheless yield a successful rehabilitation.

2

*Carolin*, 886 F.2d at 701; *Dunes Hotel*, 188 B.R. at 168. Finally, in making a bad faith determination, "the Court must examine the totality of the facts of the case." *Dunes Hotel*, 188 B.R. at 169. This examination may be undertaken by applying the "indicia of bad faith;" a list of factors developed by courts applying the section 1112(b)(1) two-pronged test. *Dunes Hotel*, 188 B.R. at 171-72;

If the movant demonstrates "cause" under subsection 1112(b)(1), the burden shifts to the nonmovant under subsection 1112(b)(2) to show "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate." *Id.* The nonmovant is further obliged to demonstrate that

> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B) the grounds for . . . dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
> > (i) for which there exists a reasonable justification for the act or omission; and
> >
> > (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

Wilmington requests a section 1112(b) dismissal because the "case [can] not possibly achieve any legitimate objective of chapter 11, since the Debtor has no valid reorganizational purpose in this filing," and because "[t]he Debtor filed the Petition in bad faith solely to frustrate [Wilmington] from exercising its legal rights." [dckt. 27, p. 2 of 16]. Specifically, Wilmington argues that the case should be dismissed based on bad faith because it is essentially a two-party dispute over a single asset which could be adjudicated in state court. [dckt.

27]. Wilmington further alleged in an additional filing that cause exists to dismiss the case because Jade's principals used a certain amount of cash collateral without authorization. [dckt. 76].

In supporting these statements, Wilmington provided the Court with the original loan agreement, the original promissory note, the deed of trust, the UCC financing statement, the management agreement between Jade and First Property Solutions, LLC, and the assignment documents between Wilmington and the previous note holders. [dckt. 27, exhs. A-F]. At the evidentiary hearing, Wilmington requested that the Court take judicial notice of Jade's schedules and Monthly Operating Reports (specifically, the March 2018 Report), but did not produce any witnesses or enter any further evidence into the record.

In response, Jade first asserts that this is not a "single asset" case, inasmuch as it owns seventeen rental units spread over thirteen pieces of property in Raleigh County, West Virginia. Jade's principals contend that a legitimate prospect for reorganization exists inasmuch as they are considering selling the properties. Jade produced two witnesses at the hearing: Dino Zaffaratis (a real estate appraiser) and Joshua Conaway (one of Jade's principals), and introduced appraisal reports prepared in 2015 for all of the rental units. Mr. Conaway testified that, not only could he get the rental units into shape for sale within the year, but Jade was bringing in almost enough revenue each month to make payments to Wilmington.

Wilmington has made no showing of subjective bad faith or objective futility on the part of Jade or its principals. As noted, Wilmington defaulted on its burden, offering only the March 2018 Monthly Operating Report and Jade's schedules. Additionally, the record reflects Jade has a potentially viable plan and timetable to achieve a successful sale within this Chapter 11 case. Moreover, Jade is producing revenue in an amount nearly sufficient to pay Wilmington according to the parties' bargain.

The Court thus lacks any basis to peremptorily dismiss this case based on the current record.  **IT IS ORDERED** that Wilmington's Motion to Dismiss Case Pursuant to Section 1112(b) of the Bankruptcy Code [dckt. 27] be, and is hereby, **DENIED.**

The Clerk is directed to send a copy of this written opinion and order to all counsel and any other parties entitled to notice.